PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY C. KRUG, | ) | |
| | ) | CASE NO. 4:13CV0785 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| PETER C. ECONOMUS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Gregory C. Krug is a federal inmate incarcerated at the Metropolitan Detention Center (MDC) in Los Angeles, California. Plaintiff filed this *Bivens*[1] action against Peter C. Economus, who is a United States Senior District Judge for the Northern District of Ohio. Plaintiff alleges that Judge Economus violated his right to due process under the Fifth Amendment to the United States Constitution. ECF No. 1 at PageID #: 2.

Plaintiff seeks "$1,000 of actual damages and $10,000 of punitive damages for each of the days during which" he alleges "he was illegally incarcerated from 4-6-12 to 7-10-12." In addition, he seeks "$500 of actual damages [and] $5,000 of punitive damages for each of the days during which he is under 'home confinement' (a.k.a., house arrest) during the five- year period of his supervised release." ECF No. 1 at PageID #: 6-7.

---

[1] Under the *Bivens* doctrine, a plaintiff may allege a claim based on an injury of his constitutional rights by a federal employee. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

(4:13CV0785)

## I. Background

On October 28, 2009, Plaintiff was indicted in the United States District Court for the Middle District of Tennessee. *See United States v. Krug*, No. 3:09cr257 (M.D. Tenn.).[2] The criminal charges were for false declaration before a court or grand jury in violation of 18 U.S.C. § 1623(a), false statements to the judicial branch of the United States government in violation of 18 U.S.C. § 1001, and failing to comply with a court order in violation of 18 U.S.C. § 401(3). On July 22, 2010, a jury returned a verdict finding Plaintiff guilty on all three counts of the indictment. United States District Judge William J. Haynes, Jr. sentenced him on December 17, 2010 to three concurrent terms of 37 months imprisonment on each count, followed by five years of supervised release.

Plaintiff filed a timely Notice of Appeal to the Sixth Circuit Court of Appeals alleging ten assignments of error. *See United States v. Krug*, No. 11-5068 (6th Cir. filed Dec. 22, 2010). A panel of the Sixth Circuit, including Judge Economus sitting by designation, affirmed the district court's judgment of conviction and sentence. Plaintiff filed a petition for a rehearing *en banc*, which the appeals court denied. The Sixth Circuit issued its mandate on June 20, 2012.

Plaintiff now asserts Judge Economus was acting under color of federal authority when he affirmed Plaintiff's conviction. Citing *Thompson v. City of Louisville*, 362 U.S. 199, 206 (1960), Plaintiff claims Judge Economus knowingly violated the "no evidence" rule established

---

[2] To fully address the procedural history of Plaintiff's criminal case, details were cumulated from the Public Access to Court Electronic Records (PACER) system. *See C.B. v. Sonora Sch. Dist.*, 691 F. Supp.2d 1123, 1138 (E.D. Cal. 2009) ("The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.")

2

(4:13CV0785)

by the Supreme Court in that decision. ECF No. 1 at PageID #: 3. He also refers to several enclosures and exhibits on his website "www.whiskey57.com" to assert that Judge Economus's denial of his request for appointment of counsel to assist him in preparing a petition for a writ of certiorari violated his Constitutional rights. Plaintiff maintains he was entitled to the appointment of counsel under the Sixth Amendment simply because he is indigent. ECF No. 1 at PageID #: 2.

Finally, Plaintiff claims "the district judge [Haynes] had conned the jury into a vote of 'guilty' by giving it a fallacious definition of the predicate adjective 'controlled.'" ECF No. 1 at PageID #: 3. This allegation is followed by Plaintiff's declaration that Judge Economus's refusal to appoint counsel, as well as a review of the recusal statute, 28 U.S.C. § 455, and the enclosures provided on www.whiskey57.com, collectively support his argument that the judge has "a deep-seated antagonism [towards Krug] that would make a fair judgement impossible." Moreover, he states Judge Economus's refusal to recuse himself from "the 2012 proceeding" justifies the lawsuit he has filed in this Court. ECF No. 1 at PageID #: 5.

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner[3] seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

(4:13CV0785)

plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A;[4] *see* Onapolis v. Lamanna, 70 F.Supp.2d 809, 814 (N.D. Ohio 1999) (if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

### III.  Failure to State a Claim

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.

---

[4] 28 U.S.C. § 1915A provides in pertinent part:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

4

(4:13CV0785)

*Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* Plaintiff's Complaint (ECF No. 1) fails to meet the requisite standard. *Thompson v. City of Memphis*, 491 Fed. Appx. 616, 620-21 (6th Cir. 2012).

### IV. Judicial Immunity

A judicial officer has absolute immunity from suit. Therefore, he or she cannot be held liable in the performance of those duties for his or her judicial acts. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (citation omitted). Every allegation in Plaintiff's Complaint (ECF No. 1) relates to actions taken by Judge Economus in his capacity as a judge. Plaintiff has not alleged any facts that would establish that Judge Economus's actions were taken in clear absence of his jurisdiction.

Contrary to Plaintiff's assertion, there is no *per se* rule that requires a judge to recuse himself simply because a litigant maintains the judge is biased. *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[A] per se rule of disqualification [under § 455(a)] would allow litigants to judge shop by filing a suit against the presiding judge.") Furthermore, the record does not demonstrate Plaintiff requested Judge Economus recuse himself from reviewing his appeal. That

(4:13CV0785)

Judge Economus affirmed Judge Haynes' decision to deny Plaintiff's request that he recuse himself from Plaintiff's criminal case does not suggest that Judge Economus was obligated to recuse himself. Judge Economus's acts, instead, fell squarely within the performance of his judicial duties, from which he is absolutely immune from suit.

### V. Conclusion

Based on the foregoing, the Complaint (ECF No. 1) is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

    IT IS SO ORDERED.

  April 11, 2013                                            /s/ Benita Y. Pearson
Date                                                      Benita Y. Pearson
                                                            United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.